## No. 4582.

JAMES E. YEATMAN, Executor, et al. *v.* LOUISIANA STATE BANK and B. H. BUCKNER.

This is a suit to annul a judgment alleged to have been obtained through fraud and ill-practice. The evidence adduced was not such as to satisfy the court that these allegations were well founded.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough,* J. *Thomas P. Farrar* and *J. A. Campbell,* for plaintiffs and appellees. *Sparrow & Montgomery,* for defendants and appellants.

HOWELL, J. The plaintiffs sue to annul a judgment rendered upon

a third opposition filed by them in the case of the Louisiana State Bank *v.* B. H. Buckner, and on which they claimed a preference to the proceeds of certain mortgaged property seized in said suit. The ground of nullity is that said judgment was obtained through fraud and ill-practice, the said opposition having been called up and tried when the plaintiffs were absent and unrepresented.

The plaintiffs were the vendors of a plantation and slaves, sold in June, 1855, to the defendant, B. H. Buckner, and in October, 1867, they commenced proceedings, *via ordinaria,* in the District Court of Madison, to enforce their mortgage and privilege, but did not proceed to judgment. In March, 1869, the Louisiana State Bank took out executory process and caused the said land to be sold on the first May following. The plaintiffs filed a third opposition in said proceeding, claiming, by preference, the proceeds of the sale, which, by agreement, were deposited in the said bank. Nothing further was done therein until twenty-fifth April, 1870, when the defendant, Buckner, filed an answer to the third opposition, and on the ninth May following the bank filed an answer, and on the next day judgment was rendered in favor of the said defendants, the records of the court showing that the case was regularly set and taken up for trial.

A similar disposition was made, at the same time, of the suit *via ordinaria* brought in 1867. Between the date of filing the third opposition and the trial, as above stated, the counsel of the plaintiffs withdrew the notes on which the said proceedings were based, gave them up to his clients, formally withdrawing from said suits, and changed his domicile to California. His business in that and other courts of the district was generally left with a particular attorney, but it was shown on the trial below that the said cases of these plaintiffs had not been thus disposed of. On the contrary, a different attorney had been consulted in regard to a transfer of the cases to the United States Court in New Orleans; but the plaintiffs concluded to let them stand as they were, under the belief, as they say, that the only disposition which could be made of them was a dismissal, and they instituted new proceedings on their notes in the federal court. It was after the institution of this suit in the United States tribunal, which was known to defendants' counsel, that the answers were filed and judgments rendered in the Madison court. The counsel for the defendants, who acted for them throughout, swears that he believed at the time of the trial that the plaintiffs were represented by the attorney who attended generally to the business of their absent attorney, and who was then present in court. And such seems to have been the impression also of the district judge. There is nothing to show that either of the defendants thought otherwise, or had any knowledge that the plaintiffs had no counsel in the said cases then pending in said court.

. The evidence does not satisfy us that there was fraud or ill-practice on the part of the defendants.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendants, with costs in both courts.

Rehearing refused.